**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **SCOTT AVERY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **IAG, LLC** | ) |
| **d/b/a INTERNATIONAL ASSET GROUP,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>COMPLAINT</u>**

NOW COMES the Plaintiff, SCOTT AVERY, by and through his attorneys, LARRY P.
SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, IAG, LLC D/B/A
INTERNATIONAL ASSET GROUP, Plaintiff states as follows:

**I.     <u>PRELIMINARY STATEMENT</u>**

1.     This is an action for actual and statutory damages for violations of the Fair Debt
Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, <u>et</u> seq.

**II.     <u>JURISDICTION & VENUE</u>**

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 <u>et</u> <u>seq</u>., and pursuant to 28
U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.     <u>PARTIES</u>**

4.     SCOTT AVERY, (hereinafter, "Plaintiff") is an individual who was at all relevant
times residing in the City of Overland, County of St Louis, State of Missouri.

5.      IAG,   LLC   D/B/A   INTERNATIONAL   ASSET   GROUP,   (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is registered as a limited liability company in the State of New York.

6.      In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9.      On or about January 12, 2010, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff.

10.     The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11.     Defendant stated that if Plaintiff did not pay $422.06 within three (3) days or pay $1,200 over four (4) months, Defendant would initiate a lawsuit against Plaintiff for the debt he allegedly owes.

12.     Plaintiff asked Defendant why the amount was so high if was to pay over four (4) months.

13.     Defendant responded that it was charging interest at 391%.

14.     Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

2

15.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

16.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

17.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

18.     During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

19.     On or about January 12, 2010, despite being cognizant of Plaintiff's location, Defendant sent a correspondence to Plaintiff's employer.

20.     Plaintiff did not provide Defendant with consent to communicate with third-parties.

21.     In the aforesaid correspondence, Defendant identified itself by name despite receiving no such request for said information.

22.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

23.      In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify

3

himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

e. Falsely represented that services had been rendered or compensation was due and that such services and compensation may be lawfully received by a debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

j. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

4

**V.    JURY DEMAND**

25.    Plaintiff hereby demands a trial by jury on all issues so triable.

**VI.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SCOTT AVERY, by and through his attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SCOTT AVERY**

By:    s/ Larry P. Smith
Attorney for Plaintiff

Dated: February 15, 2010

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x811)
Facsimile:   (888) 418-1277
E-Mail:    lsmith@smithlaw.us

5